IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LARRY BOREN                                                    PLAINTIFF

v.                          CASE NO. 2:25-CV-02066-MEF

JOHN GRIFFITH                                                  DEFENDANT

**FINAL SCHEDULING ORDER**

Pursuant to the parties' consent and the Order Reassigning Case (ECF Nos. 10, 11), this case has been reassigned to the undersigned to conduct all proceedings, including the trial, the entry of a final judgment, and all post-judgment proceedings.  After a review of the parties' Rule 26(f) Joint Report, and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1.    **TRIAL SETTING**

This case is scheduled for a **JURY TRIAL** in **FORT SMITH, ARKANSAS**, to begin **on MONDAY, JULY 27, 2026, at 9:00 a.m.**  Trial will be held in the Second Floor Courtroom.  The parties have indicated that the case will take three (3) days to try.

The case will be tried to an **eight (8) person jury - unanimous verdict required**.  The parties' counsel should report to **the Second Floor Courtroom no later than 8:30 a.m.** on the first day of trial unless otherwise notified.

2.    **FINAL PRE-TRIAL CONFERENCE**

A Final Pre-Trial Conference shall be conducted pursuant to the provisions of Rule 16(e) on **JULY 15, 2026, beginning at 9:00 a.m.**, to be held in the Second Floor Courtroom.

3.    **AMENDMENT OF PLEADINGS**

Leave to amend pleadings and/or to add or substitute parties shall be sought no later than

**JANUARY 25, 2025.**

**4.      EXPERT DISCLOSURES**

The deadline to provide expert witness disclosures and written reports pursuant to Rule 26(a)(2) is **FEBRUARY 26, 2026.**  The deadline to provide disclosures and reports of rebuttal experts (i.e., whose testimony will be offered solely to contradict or rebut the expert opinions offered by an opposing expert) is **MARCH 29, 2026.**

**5.      DISCOVERY**

The discovery deadline is **APRIL 27, 2026.**  The parties may conduct discovery beyond this date if all parties agree to do so.  To avoid later misunderstandings, such agreements should be reduced to a writing which describes the type, scope, and length of the extended period of discovery.  The Court will not resolve any disputes which may arise during extended discovery.

All discovery requests must be propounded sufficiently in advance of the discovery deadline to allow for a timely response.  Witnesses and exhibits not identified and produced in response to Rule 26(a)(1) Initial Disclosures, and/or in response to subsequent discovery requests, may not be used at trial except in extraordinary circumstances.  The Court will not grant a continuance because a party does not have time in which to depose a lay or expert witness.

**6.      MOTION DEADLINES**

**(a)      Summary Judgment.**  The deadline to file dispositive motions is **JUNE 22, 2026.**

**(b)      *Daubert*.**  Motions pursuant to *Daubert* and any related expert disqualification motions should be filed no later than **JUNE 22, 2026**.

**(c)      Discovery Motions.**  Prior to filing a discovery motion the parties must (i) engage in a substantive good faith effort to amicably resolve the dispute without court intervention (to include at least one verbal discussion), and then, if necessary, (ii) the parties must schedule a

conference call with the Court to discuss the dispute.  In the event a discovery dispute cannot be informally resolved by the Court, then a formal motion must be filed sufficiently in advance of the discovery deadline to allow for a proper response time under the rules.  The length of any such motions and supporting memorandum shall not exceed ten (10) pages in length (excluding exhibits).  A response to a discovery motion, with the same page limitations, should be promptly filed.

      **(d)**    **Motions in Limine** must be filed on or before **JULY 13, 2026.**  Responses must be filed within seven (7) days thereafter.  Motions submitted after the deadline may be denied solely on that ground.  Briefs in Support of such motions and responses shall not exceed three (3) pages per ruling sought, except on leave of Court and for good cause shown.

    **7.**    **MEMORANDUM BRIEFS**

Page limits for discovery motions and motions in limine are noted above.  Memorandum briefs filed in support or in response to other types of motions must not exceed **twenty-five (25) pages** in length, without leave of court and for good cause shown.  Over-length briefs filed without advance leave may be stricken *sua sponte*.  Reply briefs require leave of Court, except with respect to motions for summary judgment.  Reply briefs must not exceed **seven (7) pages** in length.

    **8.**    **SETTLEMENT CONFERENCE**

The parties are ordered to attend a Settlement Conference with Chief Magistrate Judge Christy D. Comstock by no later than **MARCH 5, 2026**.

    **9.**    **PRETRIAL DISCLOSURE SHEET**

Pursuant to the provisions of Rule 26(a)(3), the parties shall simultaneously file Pretrial Disclosures on **JUNE 26, 2026**, in a form consistent with the outline contained in Local Rule 26.2.

**10.    DEPOSITIONS TO BE USED AT TRIAL PURSUANT TO RULE 32[1]**

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **JUNE 19, 2026**.  The opposing party must then provide notice of objections and/or counter-designations by **JUNE 24, 2026**.  These designations and objections should not be filed with the Court, but rather, they should be exchanged by the parties.  The parties shall then confer in good faith to resolve any objections to designations.

Any unresolved objections shall be made by a joint written motion[2] filed no later than **JULY 1, 2026**.  Objections will be resolved during the Final Pre-Trial Conference.

**11.    JURY INSTRUCTIONS**

The parties must confer in advance regarding proposed jury instructions to narrow areas of disagreement.  The parties shall jointly submit a single agreed set of proposed instructions (clearly marked "AGREED") to Chambers on or before **JULY 10, 2026**.  Proposed verdict forms should be submitted as well.  Counsel should use model instructions whenever possible from the Eighth Circuit, AMI, or Federal Jury Practice and Instructions (5th Edition), as applicable, and should note the source and/or basis of the instruction at the end of each instruction.

If the parties cannot agree to a particular instruction(s), the party requesting a disputed instruction must submit it to the Court and to opposing counsel by the same date instructions are due.  Such instructions should be clearly marked as "[Plaintiff's/Defendant's] DISPUTED Instruction No. __."  The legal basis for the instruction and brief description of the parties'

---

[1] Depositions to be used solely for impeachment are not contemplated by the requirements of this paragraph.

[2] The undersigned adopts Judge Brooks' instructions for preparing the joint motion and the form to be used for such joint motion, which are posted on the Court's website at http://www.arwd.uscourts.gov/judge-brooks-forms.

disagreement shall be provided with the instruction (either in the space below the form of the instruction or attached on a separate page).

The parties should follow the same process to submit "agreed" and "disputed" proposed verdict forms.  Agreed and disputed instructions/verdict forms should be submitted electronically in Word format to _mefinfo@arwd.uscourts.gov._

### 12.    STATEMENT OF THE CASE

Each party must submit via email by **JULY 10, 2026**, a concise non-argumentative statement/overview of the case, *no more than one double spaced page in length,* that it proposes the Court to read to the venire panel.

### 13.    STIPULATIONS

The parties should stipulate in writing to the facts not in controversy and provide the same to the Court via email by no later than **JULY 10, 2026.**  Stipulations will be marked and received as a joint exhibit and may be read/shown to the jury at an appropriate time(s) during the trial.  The parties are encouraged to use stipulations as a means of establishing the chronology of significant events, and to otherwise narrow and simplify fact issues submitted to the jury.

### 14.    WITNESS AND EXHIBIT LISTS

Each party shall submit "final" witness and exhibit lists to the Court by no later than **MAY 29, 2026**.  Witnesses shall be grouped together under headings indicating whether they "will be called" or merely "may be called" to testify.  Trial Exhibits must be identified, numbered, provided, and made available to opposing counsel in advance of the deadline.  Counsel must then review and confer for the purpose of identifying any exhibits to which agreement or objections are contemplated.  The final numbered exhibit list provided to the Court should therefore indicate - for each applicable exhibit - whether opposing counsel intends to "agree" (subject to proponent

5

laying proper foundation) or "object" to its introduction. Prior to trial, the parties shall further confer and identify which, if any, of the agreed exhibits may be stipulated into evidence *in mass* at the beginning of the trial. Please promptly notify the Court via email as to which exhibits will be received in this manner.

Each party shall provide a notebook of its final proposed exhibits (numbered, indexed, and tabbed) to Chambers no later than **JULY 17, 2026**.

### 15.    DEADLINES

The deadlines set forth above are firm. Extensions and/or continuances will not be considered absent compelling circumstances.

### 16.    SUMMARY TABLE AND FORMS

A table summarizing the deadlines is attached. In the event of a discrepancy between this Order and the summary table, the deadline set forth in the Order is controlling.

### 17.    COMMUNICATION WITH THE COURT

Settlements should be immediately reported to the Court. Please communicate any late developing settlement or problems/issues (i.e., over the weekend prior to trial) to the Courtroom Deputy, Stephanie Clark, at (479) 783-7045 or *mefinfo@arwd.uscourts.gov*. If notice of settlement is received after **1:00 p.m. on JULY 24, 2026,** the parties will be assessed any costs associated with the Court's inability to timely recall the jury panel from reporting. The parties are further advised that the case will not be removed from the trial docket until an order of dismissal has been entered.

IT IS SO ORDERED this 8th day of October 2025.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

6

### DATES AND DEADLINES

| HEARINGS AND TRIAL DATE | |
|---|---|
| FINAL PRE-TRIAL CONFERENCE | 7/15/2026 |
| **TRIAL DATE** | **7/27/2026** |
| "BACK-UP" TRIAL DATE | 9/21/2026 |
| **DISCOVERY** | |
| AMEND PLEADINGS/ADD OR SUBSTITUTE PARTIES | 1/25/2026 |
| EXPERT WITNESS DISCLOSURES/REPORTS | 2/26/2026 |
| REBUTTAL EXPERT WITNESS DISCLOSURES/REPORTS | 3/29/2026 |
| **DISCOVERY DEADLINE** | **4/27/2026** |
| **MOTIONS** | |
| **DISPOSITIVE MOTIONS** | **6/22/2026** |
| DAUBERT AND RELATED MOTIONS REGARDING EXPERT OPINION TESTIMONY (if applicable) | 6/22/2026 |
| **SETTLEMENT CONFERENCE** | |
| SETTLEMENT CONFERENCE (to be separately scheduled no later than) | 3/5/2026 |
| **FINAL TRIAL PREPARATIONS** | |
| PRETRIAL DISCLOSURES (per format of Local Rule 26.2) | 6/26/2026 |
| MOTIONS IN LIMINE | 7/13/2026 |
| DEPOSITION DESIGNATIONS (exchanged) | 6/19/2026 |
| DEPOSITION COUNTER-DESIGNATIONS (exchanged) | 6/24/2026 |
| JOINT MOTION TO EXCLUDE DEPOSITION TESTIMONY | 7/1/2026 |
| JURY INSTRUCTIONS (submitted to the Court via email) | 7/10/2026 |

| | |
|---|---|
| STATEMENT OF THE CASE (submitted to the Court via email) | 7/10/2026 |
| STIPULATIONS (submitted to the Court via email) | 7/10/2026 |
| WITNESS AND EXHIBIT LISTS (submitted to the Court via email) | 7/10/2026 |
| EXHIBITS NOTEBOOK (INDEXED AND TABBED) TO CHAMBERS | 7/17/2026 |